[No. 16869.  Department One.  April 14, 1922.]

PAUL BASSEN et al., Respondents, v. S. J. ANDREWS, Appellant.[1]

BILLS AND NOTES (142)—ACTIONS—EVIDENCE—SUFFICIENCY—PAYMENT. Findings that a note was not paid will not be disturbed on the conflicting evidence of the two parties, where it appears that the defendant denied making the note, but at the trial admitted the making and extension of time, and that he destroyed it when it was presented, claiming that the only dispute was about interest, while plaintiff's conduct and testimony were consistent throughout and to the effect that defendant had seized and destroyed the note, as charged by the plaintiff at the time in the presence of a police officer.

Appeal from a judgment of the superior court for King county, Smith, J., entered April 23, 1921, upon findings in favor of the plaintiffs, in an action on a promissory note, tried to the court. Affirmed.

*Jay C. Allen (E. W. Howell, of counsel), for appellant.*

*Houser & Davis, for respondents.*

[1]Reported in 205 Pac. 1047.

FULLERTON, J.—The respondents, Bassen, instituted this action against the appellant, Andrews, to recover a money judgment. In their complaint they alleged that, on June 3, 1919, they sold to the appellant certain described real property, for a consideration of three thousand five hundred dollars; that three thousand dollars of the consideration was paid in cash, and a note for five hundred dollars, bearing six per cent interest, due in one year, was given to evidence the deferred payment; that, on the due date of the note, it was presented to the appellant for payment; that the appellant then stated that he did not have the cash with which to pay the note and asked that the time of payment be extended one month; that the extension was granted on the condition that the interest then due be paid, which interest was paid two days thereafter, the respondent Paul Bassen executing a receipt acknowledging the payment; that, at the expiration of the extension period, the respondent again presented the note for payment, at which time the appellant stated he would pay it on the sixth of the month, some three days later; that the note was again presented to the appellant on the sixth day of the month by the respondent Paul Bassen, when the appellant, under the pretense of examining it, took it from the respondent's hands and destroyed it, refusing then and thereafter to pay the note or the amount thereof. The prayer was for the amount of the note with interest.

Answering the complaint, the appellant admitted the purchase of the property, but denied each and every other allegation contained in the complaint.

The cause was tried by the court sitting without a jury, and resulted in a judgment in favor of the respondents.

The contention in this court is that the evidence preponderates against the conclusion of the trial court,

but after a careful examination of the evidence we do not feel warranted in disturbing its findings. The respondents' case rests largely, it is true, on the testimony of Paul Bassen, but his conduct and his testimony has been consistent throughout. As much cannot be said of the appellant. In his answer he denied even the making of the note, while in his testimony, he admitted the making, the extension of time of payment, the payment of interest, and the destruction of the note; testifying that he paid the principal of the note at the time of its last presentation, and that the difficulty between himself and Bassen arose over the fact that he refused to pay interest on the principal sum for the time of the extension. Pleadings are, of course, prepared by counsel, and are necessarily couched in counsel's language rather than in the language of the client. But the pleadings usually reflect the claims of the client, and if in this instance the appellant had stated truly to his counsel the nature of his defense, it is hard to believe there would have been such a radical difference between his pleadings and his proofs; it carries the inference that there has been a change of front. The circumstances occurring at the time of the last presentation of the note also support the respondent rather than the appellant. After the destruction of the note, the respondent went out and brought in a police officer, and in the officer's presence accused the appellant of destroying the note without paying it. The appellant again asserted that he had paid the note, and produced to the officer the receipt showing the payment of the interest a month before as proof of the payment. The officer would not say that the appellant directly stated that he had paid the principal of the note at the time of the interest payment, but testified that such was the impression he gathered

from the appellant's statement and conduct. On the other side, there is nothing but the naked testimony of the appellant to support his claims.

The trial court had the superior advantage to judge of the truthfulness of the testimony of the witnesses, and, in instances of this sort, we feel that such an advantage ought to be controlling.

The judgment is affirmed.

PARKER, C. J., MITCHELL, TOLMAN, and BRIDGES, JJ., concur.